UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COLIN HARPER, | : | |
| | : | |
| Petitioner, | : | Civ. No. 21-10192 (RBK) |
| | : | |
| v. | : | |
| | : | |
| LAMINE N'DIAYE, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner is a former federal prisoner who was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner asserts that the Federal Bureau of Prisons ("BOP") is improperly executing his sentence by not applying credits owed to him under provisions of the First Step Act, 18 U.S.C. § 3632(d)(4)(A).

Respondent filed its opposition to Petitioner's habeas petition on August 21, 2021. (*See* ECF 6). Petitioner then had sixty days thereafter to file a reply brief but elected not to do so.

Petitioner was released from BOP custody on January 19, 2022. *See https://www.bop.gov/inmateloc/* (last visited on December 9, 2022). This development has two potential impacts on this case. First, despite his release, Petitioner has not yet updated this Court with his new address of record. Therefore, he has not complied with Local Civil Rule 10.1. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Furthermore, Petitioner's release raises the issue of mootness which this Court raises *sua sponte*. *See Chong v. Dist. Dir., Immigration and Naturalization Serv.*, 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the

case or controversy issue in their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing *St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 684 (3d Cir. 1980)); *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001) (noting that court is raising mootness of denial of habeas petition *sua sponte* because it is required to raise issues of standing if such issues exist); *Perez v. Zickefoose*, No. 12–5300, 2014 WL 47727, at *1 (D.N.J. Jan. 7, 2014) (raising the issue of whether a habeas petition is moot *sua sponte*) (citations omitted). Indeed, courts have noted a petitioner's release moots a habeas petition seeking credits under the First Step Act. *See Allen v. Ortiz*, No. 20-21027, 2021 WL 1947300, at *1 (D.N.J. May 14, 2021) (dismissing habeas petition seeking credits under FSA as moot as petitioner was released from BOP custody); *see also Fitzpatrick v. Knight*, No. 22-5847, 2022 WL 17177851, at *1 (D.N.J. Nov. 23, 2022) (citations omitted) (finding petitioner's habeas petition seeking additional FSA credits is moot upon release from prison); *Puccio v. Ortiz*, No. 22-5138, 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) (quoting *Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008)). Petitioner shall be given a short period of time in which to comply with Local Rule 10.1 by updating his address of record and to address the mootness issue raised by this Court *sua sponte*.

Accordingly, IT IS on this 9th day of December, 2022,

ORDERED that Petitioner shall have twenty-one (21) days from the date of this memorandum and order in which to update his address of record and address why this habeas case should not be dismissed as moot considering Petitioner's release from BOP custody; and it is further

3

      ORDERED that should Petitioner file a response to the mootness issue, Respondent shall have fourteen (14) days thereafter in which to file a reply to Petitioner's response; and it is further

      ORDERED that the Clerk shall serve this memorandum and order on Petitioner at his currently listed address of record by regular U.S. mail.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge
